UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

[redacted],
RYAN WILLIAMS, and
[redacted],

Defendants.

CR 4:26-CR-40017

REDACTED INDICTMENT

Conspiracy to Commit Wire Fraud
(18 U.S.C. §§ 1343 and 1349)

Wire Fraud
(18 U.S.C. § 1343)

Forfeiture
(18 U.S.C. §§ 981-982 and 28 U.S.C. § 2461(c))

The Grand Jury charges:

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. §§ 1343 and 1349)**

**Introduction**

1. Between on or about November 9, 2023, and continuing through December 18, 2023, in the District of South Dakota and elsewhere, the defendants, [redacted], Ryan Williams, and [redacted], and others known and unknown to the grand jury, willfully and unlawfully devised and intended to devise a scheme and artifice to defraud Yankton Factoring and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. The defendants, [redacted], Ryan Williams, and [redacted], knowingly participated in the conspiracy by acting in concert with each other for the purpose of obtaining, receiving, and

transferring proceeds, in the form of money, they then knew to have been acquired from an unwitting victim through fraudulent representations. The defendants acted willfully, for the purpose of enriching themselves and others, as described and set forth below, and knew of the unlawful purpose of the scheme when they participated in it.

**Object of the Conspiracy**

2. The object of the defendants' conspiracy was personal enrichment by obtaining fraudulent proceeds in the form of cash.

**Manner and Means of the Scheme to Defraud**

3. As part of the conspiracy, the defendants approached Yankton Factoring in November 2023 and held themselves out to be owners of three separate trucking firms—[redacted], Williams Transport and Logistics, and [redacted]. Each defendant then entered into an agreement with Yankton Factoring whereby their companies sold fabricated, unpaid service invoices to Yankton Factoring for collection.

4. Yankton Factoring is a company in Yankton, SD, that manages the cash flow for overland trucking companies by purchasing their accounts receivable at a discount and then collecting on those invoices.

5. [redacted]

[redacted].

6. [redacted].

7. [redacted].

8. [redacted].

9. Williams Transport and Logistics submitted its application to Yankton Factoring on November 20, 2023. The application showed a business address for Williams Transport and Logistics in Indianapolis, IN. The owner was

identified as Ryan Williams. Williams provided a copy of his Indiana driver's license with the application. The application package also included a copy of Williams Transport's insurance coverage, a certificate of organization from the Indiana Secretary of State, IRS request for taxpayer identification number, and banking information.

10. On November 22, 2023, Williams signed a User Service Contract with Yankton Factoring, which included a power of attorney and a factoring agreement allowing Yankton Factoring to collect unpaid service invoices owed to Williams Transport and Logistics. Yankton Factoring added Williams Transport and Logistics to their Client Master List.

11. From on or about November 29, 2023, through on or about December 18, 2023, Williams submitted, via email, seven unpaid service invoices to Yankton Factoring. Two of the invoices represented work Williams Transport and Logistics claimed it had performed for BJ Logistics, which was a fictitious business with an address in Indianapolis, IN. One of the invoices represented work Williams Transport and Logistics claimed it had performed for GCI Transport. GCI Transport had an address in Zionsville, IN. Two of the invoices represented work Williams Transport and Logistics claimed it had performed for GradeX. GradeX had an address in Indianapolis, IN. The final two invoices represented work Williams Transport and Logistics claimed it had performed for Quikrete Companies. Quikrete Companies had an address in Indianapolis, IN. Each of these invoices was fabricated. Williams Transport and Logistics did not perform any work for BJ Logistics, GCI Transport, GradeX, or Quikrete

Companies.

12. The combined total of invoices submitted to Yankton Factoring by Williams Transport and Logistics was $63,989.25. Based on the invoices submitted, Yankton Factoring initiated six Fedwire payments from its checking account at Elkhorn Valley Bank in Wayne, Nebraska, to accounts owned by Williams in Virginia. Employees of Yankton Factoring initiated these payments from the Yankton Factoring office in Yankton, South Dakota, using the Biz Banking online application. In all, Yankton Factoring paid $61,931.63 to Williams Transport and Logistics.

13. [redacted].

14. [redacted].

15. [redacted]

[redacted]

16. [redacted].

**Wire Communications**

17. All of the allegations set forth in paragraphs 1-16 inclusive are hereby realleged and incorporated by reference as though fully set forth herein.

18. Between on or about November 9, 2023, and continuing through December 18, 2023, in the District of South Dakota and elsewhere, the defendants, [redacted], Ryan Williams, and [redacted], having

devised the above-described scheme and artifice to defraud, caused communications to be sent in interstate commerce, and knowingly used and caused communications to be transmitted in interstate commerce, by means of a wire communication, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice, to wit, defendants [redacted], Ryan Williams, and [redacted] sent electronic communications to Yankton Factoring via email correspondence to induce fraudulent payments and then directed that the fraudulent proceeds be transferred from one banking institution to another utilizing electronic wires, all in violation of 18 U.S.C. §§ 1343 and 1349.

**COUNTS 2-13**
**Wire Fraud**
**(18 U.S.C. § 1343)**

19. All of the allegations set forth in paragraphs 1-18 inclusive are hereby realleged and incorporated by reference as though fully set forth herein.

20. [redacted]

[redacted]:

| Count | Date | Amount | Deposit Institution | Deposit Account |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

all in violation of 18 U.S.C. § 1343.

**COUNTS 14-19**
**Wire Fraud**
**(18 U.S.C. § 1343)**

21. All of the allegations set forth in paragraphs 1-18 inclusive are hereby realleged and incorporated by reference as though fully set forth herein.

22. On or about each of the dates set forth below, in the District of South Dakota and elsewhere, the defendant, Ryan Williams, having willfully and unlawfully devised and intended to devise a scheme and artifice to defraud

Yankton Factoring and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purposes of executing such scheme and artifice, and attempting to do so, unlawfully, willfully, and knowingly caused to be transmitted by means of wire communications in interstate commerce writings, signs, signals, and sounds, to wit, the defendant, Ryan Williams, fraudulently caused funds to be transferred by wire from Yankton Factoring's checking account at Elkhorn Valley Bank in Wayne, Nebraska, to accounts owned by Ryan Williams in Virginia in the approximate amounts set forth below:

| Count | Date | Amount | Deposit Institution | Deposit Account |
|---|---|---|---|---|
| 14 | 12-4-23 | $ 10,464.43 | Blue Ridge Bank N.A. | 8252 |
| 15 | 12-5-23 | $ 10,847.97 | Blue Ridge Bank N.A. | 8252 |
| 16 | 12-13-23 | $ 9,661.18 | Blue Ridge Bank N.A. | 8252 |
| 17 | 12-14-23 | $ 10,381.40 | Blue Ridge Bank N.A. | 8252 |
| 18 | 12-15-23 | $ 10,462.00 | Blue Ridge Bank N.A. | 8252 |
| 19 | 12-18-23 | $ 10,114.65 | Blue Ridge Bank N.A. | 8252 |

all in violation of 18 U.S.C. § 1343.

**COUNTS 20-25**
**Wire Fraud**
**(18 U.S.C. § 1343)**

23. All of the allegations set forth in paragraphs 1-18 inclusive are hereby realleged and incorporated by reference as though fully set forth herein.

24. [redacted]

[redacted]:

| Count | Date | Amount | Deposit Institution | Deposit Account |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

all in violation of 18 U.S.C. § 1343.

TRUE BILL:

**Name Redacted**

Foreperson

RONALD A. PARSONS, JR.
United States Attorney

By: ______________________

## FORFEITURE NOTICE

The allegations in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981-982 and 28 U.S.C. § 2461(c).

Upon conviction of the offense[s] in violation of 18 U.S.C. §§ 1343 and 1349, set forth in Counts 1 through 25 of this Indictment, the defendants, [redacted], Ryan Williams, and [redacted], shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation[s].

If any of the property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).